1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LITTLE,

        Plaintiff,

   v.

DAVE OSTER, et al.,

        Defendants.

CASE NO. C07-1317BHS

ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF, DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY, GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER, AND RENOTING REPORT AND RECCOMENDATION

     This matter comes before the Court on Plaintiff's Motion to Compel Discovery (Dkt. 39), Plaintiff's Motion for Injunctive Relief (Dkt. 39), Plaintiff's Motion to Stay Proceedings (Dkt. 41), Plaintiff's Motion to Restrain Defendants (Dkt. 41), the Report and Recommendation (Dkt. 38) of the Honorable Mary Alice Theiler, United States Magistrate Judge, and Plaintiff's Motion for Relief from Order, Objection to Report and Recommendation, and Injunctive Relief (Dkt. 52). The Court has considered the pleadings filed in support of and in opposition to the motions and the Report and Recommendation and the remainder of the file and hereby denies Plaintiff's motions for injunctive relief, denies Plaintiff's motion to compel discovery, grants Plaintiff's motion

ORDER - 1

for an extension of time, denies Plaintiff's motion for relief, and renotes the Report and Recommendation for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2007, Plaintiff filed a Civil Rights Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by placing him in the maximum security wing for protective custody. Dkt. 6.

On May 5, 2008, Defendants filed a Motion for Summary Judgment. Dkt. 24. On June 6, 2008, Judge Theiler issued a Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's complaint. Dkt. 38.

On June 13, 2008, Plaintiff filed an Objection to Non-Ruling of Motions to Compel Discovery and Injunctive Relief. Dkt. 39. On June 30, 2008, Defendants responded to Plaintiff's objection, but treated the pleading as an objection to the Report and Recommendation. Dkt. 49.

On June 18, 2008, Plaintiff filed a Motion to Stay Proceedings and Restrain Defendants. Dkt. 41. Although Plaintiff is unclear in his pleading, he seems to request a stay of the proceedings so that he may have additional time to file objections to the report and recommendation. *Id.* On June 30, 2008, Defendants responded. Dkt. 44.

On July 1, 2008, Plaintiff filed a Motion for Relief from Order, Objection to Report and Recommendation, and Injunctive Relief. Dkt. 52.

## II. DISCUSSION

**A.   Injunctive Relief**

Plaintiff has essentially filed three motions for injunctive relief. Dkts. 39 (Injunctive Relief), 41 (Restrain Defendants), and 52 (Injunctive Relief). The criteria for granting a preliminary injunction are "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in

ORDER - 2

1  certain cases)." *Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th
2  Cir. 1995). Alternatively, a court may grant a preliminary injunction if the moving party
3  shows either "(1) a combination of probable success and the possibility of irreparable
4  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
5  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). In all of
6  Plaintiff's motions for injunctive relief, Plaintiff argues that the Court should order
7  Defendants to allow him to receive medications for certain disorders. Dkt. 39 at 3; Dkt.
8  41 at 4. Without these medications, Plaintiff claims that he is unable to adequately
9  prosecute this action and other actions in federal court. Dkt. 41 3-4. Plaintiff has failed
10 to show either a probability of success on the merits on his constitutional violations due to
11 segregated confinement or that he will suffer irreparable injury if the injunction for
12 medications is not granted. Therefore, the Court denies Plaintiff's motions for injunctive
13 relief for certain medications.

14 In Plaintiff's last motion for injunctive relief, Plaintiff argues that the Court should
15 enjoin the prison officials from deficient photocopy services and enjoin Defendants Bloss
16 and Oster from their capacity as law library staff with access to Plaintiff's legal
17 documents and legal mail envelopes. Dkt. 52 at 10. The prohibition against "reading"
18 legal mail is murky given the authorization to "inspect" it for evidence of a crime or
19 contraband. *See Kalka v. Megathlin*, 10 F. Supp. 2d at 1123 (D. Ariz. 1998). In this case,
20 Plaintiff has failed to show either a probability of success on the merits on his original
21 claims as well as his claims regarding the inspection of his legal mail. Moreover, Plaintiff
22 has failed to show irreparable injury if an injunction is not granted. Therefore, the Court
23 denies Plaintiff's motion for injunctive relief on these issues.

24 **B.     Compel Discovery**

25 Plaintiff has requested that the Court compel Defendant Dave Oster to answer 34
26 interrogatories related to this action. Dkt. 39 at 1. Discovery must be limited if the Court
27 determines that the discovery sought is unreasonably cumulative or duplicative or is
28

ORDER - 3

1  obtainable from a more convenient, less burdensome, or less expensive source; that the
2  seeking party has had ample opportunity to obtain the information sought; or that the
3  burden or expense of the discovery request outweighs its likely benefit.  Fed. R. Civ. P.
4  26(b)(2)(C).  Based on the merits of this action, Defendants' Motion for Summary
5  Judgment, a preliminary review of the Report and Recommendation, and the balance of
6  the record, the Court finds that the burden to Defendant Oster to reply to Plaintiff's
7  discovery request outweighs the likely benefit of Mr. Oster's answers to Plaintiff's case.
8  Judge Theiler recommends granting Defendants' Motion for Summary Judgment because
9  Plaintiff has failed to exhaust his claims and Plaintiff has failed to set forth actual
10 constitutional violations.  *See* Dkt. 38.  As such, Plaintiff has failed to show that answers
11 to his discovery requests will have any relevance to exhaustion or failure to state a
12 constitutional violation.  Therefore, the Court denies Plaintiff's Motion to Compel.

**C.   Extension of Time**

Although Plaintiff asks for a stay of the proceedings, the Court will consider the pleading as a motion for an extension of time because Plaintiff only requests additional time to file objections to the Report and Recommendation.  Dkt. 41 at 3-4.  When an act may or must be done within a specified time, the court may, for good cause, extend the time if a request is made, before the original time or its extension expires.  Fed. R. Civ. P. 6(b).  Plaintiff filed his request for an extension on June 18, 2008 and his objections were due on June 27, 2008.  Plaintiff has shown that good cause exists for his extension due to his existing injuries and limited ability to access the law library.  Dkt. 41 at 1-3.  Plaintiff, however, filed his objections on July 1, 2008.  Therefore, the Court grants Plaintiff's Motion for an Extension of Time to the extent that was necessary for Plaintiff to file his objections.

**D.   Relief from Order**

Plaintiff has moved for relief from the Order requiring Plaintiff to respond to the Report and Recommendation.  Dkt. 52 at 1.  The Court, however, has extended Plaintiff's

time to respond and will consider Plaintiff's objections.  Therefore, the Court denies Plaintiff's motion for relief as moot.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Compel Discovery (Dkt. 39) is **DENIED**, Plaintiff's Motions for Injunctive Relief (Dkts. 39, 41, and 52) are **DENIED**, Plaintiff's Motion for an Extension of Time (Dkt. 41) is **GRANTED**, and Plaintiff's Motion for Relief from Order (Dkt. 52) is **DENIED** as moot.  The Report and Recommendation (Dkt. 38) is renoted for August 1, 2008.  Defendants may respond to Plaintiff's objections no later than July 25, 2008.  Plaintiff may reply no later than August 1, 2008.

DATED this 9th day of July, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5