UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN LITTLE,

    Plaintiff,

v.

DAVE OSTER, et al.,

    Defendants.

CASE NO. C07-1317BHS

ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation of U.S. Magistrate Judge Mary Alice Theiler. Dkt. 52. The Court has considered the pleadings filed in support of and in opposition to the objections and the remainder of the file and hereby overrules the objections for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2007, Plaintiff filed a Civil Rights Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by placing him in the maximum security wing for protective custody. Dkt. 6.

On May 5, 2008, Defendants filed a Motion for Summary Judgment. Dkt. 24. On June 6, 2008, Judge Theiler issued a Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's complaint. Dkt. 38.

ORDER - 1

On June 13, 2008, Plaintiff filed an Objection to Non-Ruling of Motions to Compel Discovery and Injunctive Relief. Dkt. 39. On June 30, 2008, Defendants responded to Plaintiff's objection, but treated the pleading as an objection to the Report and Recommendation. Dkt. 49.

On June 18, 2008, Plaintiff filed a Motion to Stay Proceedings and Restrain Defendants. Dkt. 41. Although Plaintiff is unclear in his pleading, he seems to request a stay of the proceedings so that he may have additional time to file objections to the report and recommendation. *Id.* On June 30, 2008, Defendants responded. Dkt. 44.

On July 1, 2008, Plaintiff filed a Motion for Relief from Order, Objection to Report and Recommendation, and Injunctive Relief. Dkt. 52.

On July 9, 2008, the Court issued an order that denied Plaintiff's motions for injunctive relief and denied Plaintiff's motions to compel. Dkt. 54. The Court granted Plaintiff's request for an extension of time to file objections and renoted the Report and Recommendation for consideration on the Court's August 1, 2008 calendar. *Id.* On July 15, 2008, Plaintiff appealed that order to the Ninth Circuit Court of Appeals. Dkt. 57.

On July 24, 2008, Defendants responded to Plaintiff's objections to the Report and Recommendation. Dkt. 64.

The Report and Recommendation and Plaintiff's objections are now ripe for consideration.

## II. DISCUSSION

As a threshold matter, Plaintiff's appeal presents the issue of whether this Court has been divested of jurisdiction for the remainder of this matter. Under 28 U.S.C. § 1292(a)(1), the denial of injunctive relief is an appealable interlocutory order. However, an appeal from an interlocutory order under 28 U.S.C. § 1292(a)(1) does not divest a trial court of jurisdiction to continue with other phases of the case. *DePinto v. Provident Sec. Life Ins. Co*, 374 F.2d 50, 52 n.2 (9th Cir. 1967) (*citing Phelan v. Taitano*, 233 F.2d 117,

119 (9th Cir. 1956)). Therefore, the Court has jurisdiction to consider Judge Theiler's Report and Recommendation and Plaintiff's objections.

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *See* 28 U.S.C. § 636(b)(1). The court considers Plaintiff's specific objections to the Report and Recommendation de novo to the extent of the specific objections made. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).

Judge Theiler recommended that the Court grant Defendants' motion for summary judgment because Plaintiff had failed to show that a "genuine issue of material fact exists regarding his claim that the transfer violated his constitutional rights." Dkt. 38 at 7. Judge Theiler noted that Plaintiff failed to even respond to Defendants' motion. *Id*. at 1.

As part of his objections to the Report and Recommendation, Plaintiff filed a declaration with multiple exhibits. Dkt. 53. It is unclear why Plaintiff submitted these documents and Defendants argue that the Court should ignore this evidence. Dkt. 64 at 3. A district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's report and recommendation. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

Even if the Court exercised its discretion and considered Plaintiff's evidence, Plaintiff has failed to adequately establish a genuine issue of material fact regarding his causes of action. A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation. *See Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir.1982). Moreover, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996).

Plaintiff has failed to show how the subsequent evidence concerns any of the allegations in his complaint. Therefore, Plaintiff has failed to establish any material issue of fact relating to his causes of action.

Further, Plaintiff has failed to point out any cognizable error of law by Judge Theiler in her Report and Recommendation. Plaintiff's main objection is that he was "prejudiced" by Judge Theiler's "ruling in full for Defendants . . . ." Dkt. 52 at 4. This is not an error of law because Plaintiff had failed to meet his burden on summary judgment. Plaintiff's objection is overruled and Judge Theiler's Report and Recommendation is adopted as to the recommendation that the Court should grant Defendants' motion for summary judgment.

Finally, Judge Theiler recommended that Plaintiff should receive a "strike" for this dismissal because his "claims are unsupported by any evidence and are therefore frivolous." Dkt. 38 at 7. The Court agrees because even Plaintiff's supplemental evidence fails to address his causes of action in his complaint. *See* Dkt. 53; *see also* Dkt. 64 at 4-5. Therefore, the Court adopts Judge Theiler's recommendation that this action was dismissed on the ground that it is frivolous.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Objections to the Report and Recommendation (Dkt. 52) are **OVERRULED** and U.S. Magistrate Judge Mary Alice Theiler's Report and Recommendation (Dkt. 38) is **ADOPTED**. Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED**. Dismissal of this action shall count as a prior occasion pursuant to 28 U.S.C. § 1915(g) because it is frivolous.

DATED this 21st day of August, 2008.

BENJAMIN H. SETTLE
United States District Judge